United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GUSTAVO SILVA, et al.,

Plaintiffs,

v.

TARGET CORPORATION, et al.,

Defendants.

Case No. 5:26-cv-08047-EJD

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 11

Before the Court is Plaintiffs Gustavo Silva ("Mr. Silva") and Manuela Vasquez-Silva ("Ms. Vasquez-Silva") (collectively, "Plaintiffs") motion to remand their labor and discrimination action back to state court following Defendant Target Corporation's ("Target") removal to this Court. Mot., ECF No. 11; Opp'n, ECF No. 19; Reply, ECF No. 24. For the reasons stated below, the Court **GRANTS** Plaintiffs' motion to remand.

## I. BACKGROUND

Plaintiffs commenced this action on June 25, 2026, in the Superior Court of California, County of Monterey. Notice of Removal, ECF No. 1. Plaintiffs successfully served Target on July 13, 2026, and served individual defendant, Jenenne (referred to in the complaint as "Janine") Nickell, on September 25, 2026. *See* Notice of Removal; Summons, ECF No. 30. Before Defendant Nickell had been served, Target removed the case to this Court on August 3, 2026, based on diversity jurisdiction, invoking the snap removal doctrine or, alternatively, a fraudulent joinder theory. Notice of Removal 4–5.

Turning to the substance of Plaintiffs' complaint, Plaintiffs were both employed by a Target store in Marina, California. Compl., ECF No. 1-1. Mr. Silva alleges that he was hired as

an inbound specialist around February 26, 2024. *Id.* ¶ 15. Ms. Vasquez-Silva alleges that she was hired by Target in November 2019. *Id.* ¶ 52. She worked in the fulfillment department initially before being transferred to other divisions, and then in June 2024, was promoted to the general merchandise team leader. *Id.* ¶ 53, 56. During the course of their employment, Plaintiffs allege that Defendant Nickell: made disparaging comments about Mr. Silva's race and his tattoos, suggesting that he looked like a gang member; warned Mr. Silva that she was watching the cameras to make sure that he did not steal; ignored Mr. Silva's requested medical accommodations following an at-work injury; and prohibited Mr. Silva from speaking Spanish in the workplace. *Id.* ¶¶ 18–22, 33–34. Defendant Nickell served as the human resources manager at the Target store, while Plaintiffs were employees.

Ms. Vasquez-Silva alleges that she was continually harassed by another Target employee throughout her employment; that she was not provided meal or rest breaks; that her time sheets were manipulated to account for fewer hours than she actually worked; and that Defendant Nickell treated her in a hostile manner based on her race and/or national origin. *Id.* ¶¶ 54, 56, 58, 60. Plaintiffs further allege that Defendant Nickell directed Ms. Vasquez-Silva to perform work-related tasks that were inconsistent with recommendations in a doctor's note that Ms. Vasquez-Silva provided to Defendant Nickell after Ms. Vasquez-Silva was allegedly injured at work. *Id.* ¶¶ 67–69. On August 25, 2025, Ms. Vasquez-Silva alleges that she forgot to punch out for lunch and tried to correct her timecard. Thereafter, Defendant Nickell accused Ms. Vasquez-Silva of deliberately making a timecard "correction" regarding her lunch break; Ms. Vasquez-Silva was terminated on September 19, 2025. *Id.* ¶¶ 75–78. Plaintiffs also allege that Defendants' December 2024 termination of Mr. Silva was pretextual and that his prior complaints regarding Target's alleged wage and hour violations contributed to his termination. *Id.* ¶ 44.

In total, Plaintiffs bring 16 causes of action, alleging violations of California Government Code § 12940, the Fair Employment and Housing Act ("FEHA"); California Labor Code §1102.5, providing whistleblower protection; California Business and Professions Code §17200, California's Unfair Competition Law; and other Labor Code sections governing meal and rest

periods, wages, and wage statements. *See generally* Compl.

## II. LEGAL STANDARD

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). Where a defendant removes an action on diversity grounds, removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined. *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).

"Subject matter jurisdiction may not be waived," and the Ninth Circuit has "held that the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "When the court's subject matter jurisdiction is at issue, the court may remand sua sponte or on motion of a party, and the party who invoked the federal court's jurisdiction has the burden of establishing it." *Rosset v. Hunter Eng'g Co.*, No. C 14–01701 LB, 2014 WL 3569332, at *5 (N.D. Cal. July 17, 2014). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

Plaintiffs argue that this Court lacks subject matter jurisdiction because complete diversity of citizenship amongst the parties is absent. Plaintiffs are citizens of California, Target is a citizen of Minnesota, and Defendant Nickell is a citizen of California, thus Defendant Nickell's citizenship destroys diversity. Mot. 9. In support of their motion for remand, Plaintiffs primarily respond to the arguments that Target raised in its notice of removal, asserting that Target cannot establish fraudulent joinder of Defendant Nickell and that the fact that Defendant Nickell had not been served at the time of Target's removal does not support a finding of complete diversity. *See*

United States District Court
Northern District of California

*generally* Mot. to Remand. The Court addresses each of Plaintiffs' arguments in turn.

**A. Target Cannot Establish Fraudulent Joinder**

Target argues that the Court may disregard Defendant Nickell's citizenship for purposes of evaluating diversity jurisdiction because she was fraudulently joined. Opp'n 2. "Fraudulent joinder must be proven by clear and convincing evidence." *Loi Ngo v. United Airlines, Inc.*, No. 19-CV-04277-JCS, 2019 WL 6050832, at *5 (N.D. Cal. Nov. 15, 2019). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Under the second approach, a defendant may establish fraudulent joinder if they show that an individual joined cannot be liable on any theory. *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). If there is a possibility that a state court would find that the complaint states a cause of action against the resident defendant, "the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046). The test for fraudulent joinder is different from that for failure to state a claim under Rule 12(b)(6). *Id.* at 549.

Plaintiffs argue that Target cannot meet its burden to show that Defendant Nickell was fraudulently joined. Mot 4. Plaintiffs bring two claims against Defendant Nickell: harassment on the basis of race / national origin / ancestry and retaliation for engaging in a protected activity, both in violation of FEHA. *See* Compl. Target argues that Defendant Nickell cannot be liable on any theory of harassment or retaliation, such that she is a "sham" defendant. *See* Opp'n 7–10. The Court considers whether there is a *possibility* that a state court would find that one of these claims is adequately alleged.

**1. Plaintiffs' Allegations regarding Harassment Claim**

FEHA prohibits an employer or "any other person" from harassing an employee. Cal. Gov't Code § 12940(j)(1). To state a harassment claim, the plaintiff must plausibly allege that "(1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the

harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 581 (2019). To establish fraudulent joinder, Target bears the heavy burden of proving by clear and convincing evidence not that Plaintiffs' fail to state a claim, but that Defendant Nickell cannot be liable for harassment in this case. *Contreras v. 7-Eleven, Inc.*, No. 25-CV-03094-EKL, 2026 WL 266245, at *3 (N.D. Cal. Feb. 2, 2026).

Target has not met its burden here because Plaintiffs have alleged facts to support each element of a harassment claim against Defendant Nickell. First, Plaintiffs allege that they are members of a protected class because they are of Latin-American descent. Compl. ¶ ¶ 14, 52. Second, Plaintiffs were allegedly subjected to harassment when Defendant Nickell made disparaging remarks about Mr. Silva's race, cautioned Mr. Silva to "be careful" when he went into the break room because "we are watching you,"; interrupted Mr. Silva's lunch breaks by deliberately cleaning the table at which Mr. Silva was eating; prohibited Mr. Silva from speaking Spanish in the workplace; and "treated [Ms. Vasquez-Silva] in a hostile manner based on her race/national origin." *See generally* Compl. Third, combined with Defendant Nickell's inquiries about Mr. Silva's gang membership or criminal record "because he had tattoos and he was Latino," Defendant Nickell's conduct and statements, especially as to Mr. Silva, could be construed as targeting Plaintiffs because of their national origin or ethnicity. *See, e.g.*, *id.* ¶¶ 19–20; *see also* Mot. 12. Fourth, Defendant Nickell's conduct and statements could have created a hostile work environment because the allegedly unlawful conduct unreasonably interfered with Plaintiffs' work performance, adversely affected Plaintiffs' employment opportunities, and caused pain and suffering, mental anguish, and emotional distress. Compl. ¶¶ 46, 88. Finally, Defendant Nickell's actions proximately caused this harassment. *See id.* ¶ 47, 87.

Even if a state court might find these allegations insufficient as currently pleaded, the Court cannot conclude that the harassment claim is destined to fail, especially if Plaintiffs are granted leave to amend. *See Kamara v. Walgreens, Inc.*, No. 05-01786 SC, 2005 WL 2397519, at

*2 (N.D. Cal. Sept. 28, 2005) ("The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant." (quoting *Davis v. Prentiss Properties Ltd.,* Inc., 66 F.Supp.2d. 1112, 1113 (C.D. Cal. 1999))); *Grancare, LLC*, 889 F.3d at 549. The California legislature has cautioned that "[h]arassment cases are rarely appropriate for disposition on summary judgment" and involve issues not determinable on paper. Cal. Gov't Code § 12923 (citing *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 282 (2009)). In this early stage of the litigation and where Target must show that Defendant Nickell cannot be liable for harassment, the Court finds that Target has not established fraudulent joinder of Defendant Nickell.

**2. Plaintiffs' Allegations regarding Retaliation Claim**

Plaintiffs also allege retaliation in violation of FEHA. Compl. ¶¶ 94–97. Target argues that Plaintiffs cannot hold Defendant Nickell liable for retaliation under FEHA. Opp'n 1, 7, 9. Target is correct that Plaintiffs cannot state a claim for retaliation under FEHA against Defendant Nickell because "only employers, and not supervisors or non-employer individuals, can be held liable for discrimination or retaliation under FEHA." *Colombo v. Palo Alto Unified Sch. Dist.*, No. 24-CV-00909-NC, 2024 WL 6840045, at *6 (N.D. Cal. Dec. 13, 2024). Plaintiffs appear to concede this point: "Target is correct that an individual supervisor is not personally liable for FEHA discrimination or retaliation." Reply 6. Having found that there is a possibility that a state court could find at least the harassment claim adequately alleged, that Plaintiffs cannot possibly allege that Defendant Nickell retaliated against them under FEHA does not alter the Court's conclusion that Target fails to establish fraudulent joinder.

***

In sum, because Plaintiffs allege facts to support each element of a harassment claim against Defendant Nickell such that there is a possibility that a state court would find the claim adequately alleged, either as currently pleaded or following amendment of the complaint, Target has not met its burden to establish fraudulent joinder of in-state Defendant Nickell. Thus, the Court may not disregard Defendant Nickell's citizenship and concludes that there is not complete

United States District Court
Northern District of California

diversity of citizenship between the parties.

**B. Snap Removal is Inapplicable**

Target alternatively argues that the action is properly removed pursuant to the "snap removal doctrine" because Defendant Nickell, at the time of removal "ha[d] not been properly joined and served as a defendant in this action" pursuant to 28 U.S.C. § 1441(b)(2). Opp'n 5. Snap removal is the practice of circumventing the application of the forum-defendant rule, 28 U.S.C. § 1441(b)(2), by removing the action before forum defendants are served. *Hayes v. vCom Sols., Inc.*, No. 25-CV-02502-SI, 2025 WL 1276228, at *1 (N.D. Cal. May 2, 2025). 28 U.S.C. § 1441(b)(2) limits a forum defendant's ability to remove a case by providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Mendoza v. Yu*, No. 21-CV-08632-TSH, 2022 WL 17862, at *2 (N.D. Cal. Jan. 3, 2022) (citing 28 U.S.C. § 1441(b)(2)). The forum-defendant rule, however, is irrelevant if the court lacks original jurisdiction in the first place and snap removal cannot be used to solve the "the fundamental problem of lack of complete diversity." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *2 (N.D. Cal. May 26, 2023); *Fityan v. World Courier, Inc.*, No. 24-CV-07034-AMO, 2025 WL 303952, at *1 (N.D. Cal. Jan. 27, 2025). Here, the court lacks original jurisdiction in the first because there is not complete diversity of citizenship between the parties. Both Defendant Nickell and Plaintiffs are citizens of California. Target's emphasis on snap removal is therefore misplaced because it does not solve the fundamental problem of lack of complete diversity. *See Adelaja v. Guillen*, No. 24-CV-08159-SI, 2025 WL 502050, at *1 (N.D. Cal. Feb. 14, 2025) (recognizing that courts in this district generally permit snap removals but recognizing that "when removal is based on diversity of citizenship, there must be complete diversity of citizenship"); *Hayes*, 2025 WL 1276228, at *2 (case involving an out-of-state plaintiff and a single in-state defendant).[1]

---

[1] Although not squarely before it, the Court briefly considers an argument previewed by footnote three of Target's opposition to the motion to remand. *See* Opp'n 6 n.3. There, Target suggests

## IV. DEFENDANT TARGET'S OBJECTIONS TO NON-PARTY DECLARATIONS

In connection with its opposition, Target makes numerous evidentiary objections to portions of third-party declarations that Plaintiffs submitted in connection with their motion to remand. Opp'n 11. The Court found it unnecessary to consider the challenged declarations to arrive at its conclusions regarding Target's inability to establish fraudulent joinder and the inapplicability of snap removal, as evidenced by the above analysis. In light of this, and having found that it lacks subject matter jurisdiction, the Court declines to evaluate Target's evidentiary objections to portions of the Mendez, Gomez, and Corres declarations.

## V. CONCLUSION

For the foregoing reasons, the Court **REMANDS** the case to the Superior Court of California, County of Monterey.

**IT IS SO ORDERED.**

Dated: November 4, 2026

EDWARD J. DAVILA
United States District Judge

---

that Plaintiffs' failure to timely serve Defendant Nickell is grounds for dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m). After removal, Plaintiffs' deadline to serve Defendant Nickell was 90 days from the date of the complaint's filing. 28 U.S.C. § 1448. Plaintiffs should have served Defendant Nickell by September 23, 2026. Instead, they served Defendant Nickell on September 25, 2026—two days late. ECF No. 30. Based on Plaintiffs' papers and counsel's discussion on September 24, 2026, the Court finds that the delay in serving Defendant Nickell was not caused by inadvertence, rather Plaintiffs made a reasonable effort to effect service, relying on a process server who made multiple attempts to serve Defendant Nickell both at her former place of employment and a private residence at which Plaintiffs believed Defendant Nickell resided. *See Television Signal Corp. v. City & Cnty. of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000), *order clarified,* No. C-99-2081-VRW, 2000 WL 1022962 (N.D. Cal. July 11, 2000). Further, prejudice, if any, to Defendant Nickell is minimal because service was only delayed by two days, the court has not heard argument on motions to dismiss, nor has an initial case management conference been held. The Court notes that Plaintiffs did not seek an enlargement of time to effect service under Federal Rule of Civil Procedure 6(b), but that when combined with the other considerations, this factor does not sufficiently undercut the other two factors that weigh in favor of finding good cause for the delay.